UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JASON PORTER, an individual, | ) ) ) Case No: |
| Plaintiff, | ) ) Judge: |
| v. | ) ) Magistrate Judge: |
| SHREVEPORT TRANSIT MANAGEMENT, INC., | ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

Plaintiff, JASON PORTER, an individual, by and through his undersigned counsel, hereby files this Complaint and sues SHREVEPORT TRANSIT MANAGEMENT, INC. (hereinafter "SPORTRAN" or "DEFENDANT") pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("Americans with Disabilities Act" or "ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act"), and the Louisiana Commission on Human Rights, La. Rev. Stat. Ann. § 51:2231 *et seq*., (hereafter, "LCHR") and states as follows:

**JURISDICTION AND PARTIES**

1. This is an action for relief pursuant to Title III of the ADA, the Rehabilitation Act, and the LCHR.

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367, as said claim arises out of the same case or controversy as the federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the discrimination

at issue in this lawsuit occurred in Bossier and/or Caddo Parish, which are located within this district.

4. Plaintiff, JASON PORTER, (hereinafter referred to as "MR. PORTER") is a resident of the State of Louisiana, Caddo Parish.

5. MR. PORTER is a qualified individual with a disability under the ADA. MR. PORTER is afflicted with T8-T9 paraplegia.

6. Due to his disability, Plaintiff is substantially impaired in several major life activities.

7. Specifically, MR. PORTER is unable to ambulate without the assistance of a wheelchair.

8. Additionally, because of his disability, MR. PORTER has a leg drainage bag which collects urine via a catheter.

9. When medically necessary, MR. PORTER will travel with bandages on his feet.

10. Upon information and belief, SPORTRAN is responsible for administering, operating, and maintaining the system of buses, routes, and drivers which serve Bossier Parish and Caddo Parish. (hereinafter the "Bus System").

11. Upon information and belief, SPORTRAN is providing specified public transportation within the meaning of Title III of the Americans with Disabilities Act.

12. Upon information and belief, SPORTRAN is covered by the LCHR as it is operating an "other establishment" which supplies goods or services to the general public, accepts the patronage or trade of the general public, or is supported directly or indirectly by government funds.

13. SPORTRAN sells bus tickets—a service—to the general public.

14. SPORTRAN operates two different "other establishments." SPORTRAN operates a website and attendant mobile application, which is an "other establishment." SPORTRAN also operates the bus itself, which is an "other establishment."

15. Finally, SPORTRAN is supported directly or indirectly by government funds because it receives funds from the City of Shreveport and the federal government.

16. MR. PORTER has used the Bus System multiple times over the past year.

17. DEFENDANT is obligated to comply with the ADA, Rehabilitation Act, and the LCHR.

18. All events giving rise to this lawsuit occurred in Bossier Parish and Caddo Parish, both of which are in the Western District of Louisiana.

## COUNT I
## VIOLATION OF TITLE III OF THE ADA

19. MR. PORTER realleges and reavers the above paragraphs as if they were expressly restated herein.

20. Upon information and belief, DEFENDANT develops and provides the services and programs offered by and through the bus system.

21. The Bus System offered by Defendant provides transportation services to the general public on a fixed route bus service.

22. MR. PORTER has used the Bus System numerous times.

23. MR. PORTER regularly uses the Bus System and will continue to use the Bus System for the foreseeable future.

24. Recently, however, MR. PORTER has experienced three (3) separate instances of discrimination.

25. In approximately August or September of 2023, MR. PORTER was attempting to travel on the bus. At that time, his feet were completely wrapped in bandages due to a medical issue related to his disability.

26. MR. PORTER had been on several buses earlier that day without issue. MR. PORTER attempted to board a bus on the final route of the loop.

27. On that final route, MR. PORTER was singled out by the bus driver and told he could not ride the bus because he "did not have shoes on."

28. MR. PORTER's disability and the fact that the bandages were related to a medical condition was open and obvious.

29. MR. PORTER could not wear shoes because of the extensive medical wrapping of his feet.

30. MR. PORTER said he would call the bus driver's supervisor. The bus driver said, "go head and call him, I will say that you did not have shoes on."

31. MR. PORTER was not permitted to board the bus, and he had to roll home.

32. More recently, on December 18, 2024, MR. PORTER was attempting to ride the bus when he was stopped by a bus driver.

33. The bus driver told MR. PORTER that he could not board the bus with his urine bag.

34. The bus driver spoke about MR. PORTER's urine bag publicly on the bus, which was humiliating for MR. PORTER. MR. PORTER was almost denied a ride, and he waited for the situation to be resolved. Eventually, due to the efforts by another driver or supervisor, MR. PORTER was permitted to continue with his trip.

35. Nonetheless, the experience was demeaning to MR. PORTER, and he was treated in a

manner worse than non-disabled patrons.

36. Then, on February 17, 2025, MR. PORTER experienced the most egregious discrimination to date.

37. On February 17, MR. PORTER boarded a SPORTRAN bus seeking a ride. MR. PORTER was at the "Bossier Hub" which does not contain any restrooms.

38. MR. PORTER boarded the bus with his leg drainage bag, which contained some urine but was not leaking.

39. The bus driver then told MR. PORTER that he was not going to be permitted to ride the bus and that he needed to empty his urine bag.

40. MR. PORTER informed the bus driver that he could not empty his urine bag at the Bossier Hub as there was no public restroom.

41. The bus driver then informed MR. PORTER that he could not let him ride the bus.

42. MR. PORTER then called a SPORTRAN supervisor.

43. When he called this individual, MR. PORTER was instructed to get on the bus, say nothing to the driver, and head back to the main bus terminal in Shreveport.

44. MR. PORTER utilized this approach and ended up back at the main terminal in Shreveport.

45. However, the overall ordeal lasted a lengthy period and it severely inconvenienced other passengers and MR. PORTER.

46. MR. PORTER was humiliated when he was publicly singled out and directed to go "empty" his urine bag in public.

47. When MR. PORTER arrived back at the main terminal in Shreveport, he spoke with the

SPORTRAN supervisor. The SPORTRAN supervisor apologized to MR. PORTER. No apology from the individual bus driver was ever provided to MR. PORTER.

48. MR. PORTER plans to use the Bus System in the near future.

49. MR. PORTER continues to desire to visit the Bus System but fears that he will experience serious difficulty due multiple instances of discriminatory conduct and actions that he has previously experienced.

50. The discriminatory conduct and treatment at issue in this case is the exclusion of MR. PORTER from the programs and activities offered through the Bus System.

51. MR. PORTER plans to and will use the Bus System in the future as a patron and customer.

52. MR. PORTER fears that when he attempts to use the Bus System in the future, he will encounter the same discriminatory policy and/or actions, and the same disparate treatment, which is the subject of this action.

53. The actions by DEFENDANT'S employees are excluding MR. PORTER from the Bus System.

54. The barriers discussed below are excluding MR. PORTER from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered to the general public at the Bus System.

55. Under the ADA, a covered entity shall "shall not, on the basis of disability, deny to any individual with a disability the opportunity to use the entity's transportation service for the general public, if the individual is capable of using that service." 49 CFR § 37.5(b).

56. Further, under the ADA, covered entities are required to provide reasonable accommodations to individuals with disabilities. 42 U.S.C. § 12184(b)(2)(A); *see also*,

49 CFR § 37.5(f).

57. DEFENDANT violated these provisions, and discriminated against MR. PORTER, when it refused (or threatened to refuse) to permit him to travel on its buses.

58. MR. PORTER fears that when he returns to the Bus System, he will again be subjected to discrimination on the basis of his disability.

59. MR. PORTER intends to travel on the Bus System in the future as a passenger.

60. Upon information and belief, modification of the policies, practices, and/or procedures of DEFENDANT would provide MR. PORTER an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offer to the general public.

61. MR. PORTER has been obligated to retain undersigned counsel for the filing and prosecution of this action. MR. PORTER is entitled to recover reasonable attorneys' fees, costs, and expert expenses.

62. MR. PORTER is without adequate remedy at law and is suffering irreparable harm.

63. Pursuant to 42 U.S.C. § 12181, *et seq.*, this Court is provided authority to grant MR. PORTER injunctive relief including an order for DEFENDANT to alter its programs, and/or activities to ensure that the discrimination at issue in this case is remedied and the Bus Service is readily accessible and useable to MR. PORTER and all other persons with disabilities as defined by the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

64. MR. PORTER adopts and re-alleges the allegations contained in the paragraphs above as if fully stated herein.

65. MR. PORTER brings this claim against DEFENDANT, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq*.

66. The Rehabilitation Act provides that:

    > No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a).

67. Upon information and belief, as set forth herein, DEFENDANT has violated the Rehabilitation Act by intentionally excluding MR. PORTER, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under, DEFENDANT'S programs and activities.

68. Upon information and belief, a non-exclusive list of DEFENDANTS' violations of the Rehabilitation Act and discriminatory conduct against MR. PORTER are evidenced by:

    A. denying MR. PORTER access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services at issue;

    B. subjecting MR. PORTER to worse treatment than non-disabled persons; and

    C. refusing to permit MR. PORTER to use the services at issue because of his disability related conditions.

69. Upon information and belief, DEFENDANT is a recipient of federal funds.

70. Upon information and belief, as the recipient of federal funds, DEFENDANT is liable

       for damages to MR. PORTER as a result of its acts and omissions constituting intentional discrimination.

71. As set forth above, MR. PORTER has been denied access to, and without the relief requested herein will continue to be denied access to the services and programs offered by DEFENDANT solely by reason of his disability and has otherwise been discriminated against and damaged solely by reason of his disability as a result of DEFENDANT'S Rehabilitation Act violations set forth above.

72. MR. PORTER seeks nominal damages from DEFENDANT under the Rehabilitation Act.

73. MR. PORTER has been obligated to retain undersigned counsel for the filing and prosecution of this action. MR. PORTER is entitled to recover attorneys' fees, costs and litigation expenses from DEFENDANT pursuant to 29 U.S.C. §794(b).

74. Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant MR. PORTER's injunctive relief including an order to alter the subject services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act

### COUNT III: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

75. MR. PORTER repeats and realleges all preceding paragraphs in support of this claim.

76. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereinafter referred to as "LCHR") has been in full force and effect and has applied to DEFENDANT'S conduct.

77. At all times relevant to this action, MR. PORTER has experienced substantial limitations

       to several major life activities, including walking, standing, and bending, and uses a wheelchair as his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

78. At all times relevant to this action, DEFENDANT has been operating an "other establishment" under STAT. ANN. § 51:2232(910) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

79. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

80. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

81. DEFENDANT discriminated against MR. PORTER, on the basis of his disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Bus Service on account of her disability, as established above.

82. MR. PORTER deems himself injured by DEFENDANT'S discrimination and sues under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANT'S discriminatory conduct as alleged herein.

83. MR. PORTER is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## **JURY DEMAND**

84.  MR. PORTER demands a trial by jury on all issues.

WHEREFORE, MR. PORER demands judgment against DEFENDANT and requests the following relief:

A.  That this Court declare that the Bus System owned, leased, and/or operated by DEFENDANT is in violation of the ADA, Rehabilitation Act, and the LCHR;

B.  That this Court enter an Order directing DEFENDANT to modify its policies, practices, and/or procedures to make the Bus System accessible to and useable by MR. PORTER to the full extent required by Title III of the ADA, the Rehabilitation Act, and the LCHR;

C.  That this Court enter an Order directing DEFENDANT to provide training to its employees so that they do not commit discrimination against MR. PORTER in the future;

D.  That this Court enter appropriate injunctive and declaratory relief;

E.  That this Court award damages to MR. PORTER pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of DEFENDANT in violation of the LCHR;

F.  That this Court award MR. PORTER nominal damages under the Rehabilitation Act;

G.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses to MR. PORTER pursuant to the ADA, Rehabilitation Act, and the LCHR; and

  H. That this Court award such other and further relief as it deems necessary, just, and proper under the ADA. Rehabilitation Act, and the LCHR.

Dated: March 7, 2025

        Respectfully Submitted,

        **BIZER & DeREUS, LLC**
        *Attorneys for Plaintiff*

        /s/ Garret S. DeReus
        ANDREW D. BIZER (LA # 30396)
        GARRET S. DeREUS (LA # 35105)
        EVA M. KALIKOFF (LA # 39932)
        3319 St. Claude Ave.
        New Orleans, LA 70117
        T: 504-619-9999; F: 504-948-9996
        Email: andrew@bizerlaw.com
           gdereus@bizerlaw.com
           eva@bizerlaw.com